**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE:

DOUG LONGHINI,

    Plaintiff,

v.

DORAL 107TH CENTER, LLC,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues DORAL 107TH CENTER, LLC (hereinafter "Defendant"), and as grounds alleges:

**JURISDICTION, PARTIES. AND VENUE**

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

3. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, with a residence in Miami, Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, DORAL 107TH CENTER, LLC, was and is a

Florida Limited Liability Company with its principal place of business in Miami, Florida.

5. At all times material, Defendant, DORAL 107TH CENTER, LLC, owned a commercial property located at 3655 NW 107th Avenue, Doral, Florida (the "Commercial Property").

6. Venue is properly located in the Southern District of Florida because Defendant's Property that is the subject of this Action, is located in Miami-Dade County, Florida, and Defendant regularly conducts business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida at the Property.

## FACTUAL ALLEGATIONS

7. Although over twenty-seven (27) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its commercial property accessible to individuals with disabilities.

8. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Property and the businesses therein.

9. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

10. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping

or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

11. Defendant, owns and operates the Property which is located at 3655 NW 107th Avenue, Doral, Florida, Florida that are the subject of this Action. The subject Property and the business located therein are open to the public, and located in Doral, Florida.

12. The individual Plaintiff frequently visits the Property (including the related parking lots and common areas) to include a visit on or about October 16, 2019 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Property and businesses therein. He often visits the Property and business therein, when he is in the area visiting family and friends that reside nearby, and has definite plans to return to the Property within one (1) month of the filing of this Complaint in order to avail himself of the goods and services offered to the public at the Property, if it becomes accessible.

13. Plaintiff visited the Property and businesses located therein as a patron/customer, and intends to return to the commercial Property in order to avail himself of the goods and services offered to the public at the Property. Plaintiff resides near the Property, approximately ten (10) miles from the Property, in the same state and county as the Property, regularly frequents the Defendants' Property for its intended purposes, and intends to return to the commercial property within one (1) month's time.

14. Despite the fact this Defendant has been sued for ADA violations previously, Plaintiff found the Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject commercial property, and wishes to continue his patronage and use of the commercial property and the business therein.

15. The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that are in violation of the ADA, at the Property.  The barriers to access at Defendant's Property have each denied or diminished Plaintiff's ability to visit the Property and businesses therein and likewise endangered his safety.  The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

16. Defendant owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation (the buildings and business property that is the subject of this Action for their violations of the ADA) that Defendant owns and operates, is the Property referenced above.

17. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Property, including, but not necessarily limited to the allegations in Paragraph 19 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Property and businesses therein which are open to the public and in violation of the ADA.  Plaintiff desires to visit the Property not only to avail himself of the goods and services available at the Property, but to also assure himself that this commercial property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination.

18. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties the businesses thereon, in a manner prohibited by 42 U.S.C. § 12182 et seq.

19. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's commercial property and businesses therein, include, but are not limited to, the following:

**<u>Common Areas</u>**

    A. <u>Parking</u>

i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. <u>Entrance Access and Path of Travel</u>

i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2

of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**La Coriana Restaurant**

    A.  <u>Entrance Access and Path of Travel</u>

i. The Plaintiff could not traverse through areas of the store, as the required 36" path isn't provided due to objects that obstruct the path of travel. Violation: There isn't a continuous path of travel connecting all essential elements of the store, in violation of Sections 4.2.1 & 4.3.3 of the ADAAG, 28 CFR 36.211, and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    B.  <u>Access to Goods and Services</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    C.  <u>Public Restrooms</u>

i. The Plaintiff could not enter or exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Yoju Restaurant

    A. <u>Access to Goods and Services</u>

i. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. <u>Public Restrooms</u>

i. The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided due to objects on the floor. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5.2 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Bon Picat Restaurant**

   A. <u>Access to Goods and Services</u>

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

   B. <u>Public Restrooms</u>

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the

9

      required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

20. The discriminatory violations described in Paragraph 19 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the commercial property and businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

21. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's buildings, the businesses and facilities therein; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.  The individual

Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

23. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and those similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested

herein. In order to remedy this discriminatory situation, The Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

26. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the commercial property owned and operated by the Defendant, located in Doral, Florida, the interiors, exterior areas, and the common exterior areas of the property and businesses therein to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

WHEREFORE, The Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. §

12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 24, 2020.

                              **GARCIA-MENOCAL & PEREZ, P.L.**

                              *Attorneys for Plaintiff*
                              4937 S.W. 74th Court, No. 3
                              Miami, FL 33155
                              Telephone: (305) 553-3464
                              Facsimile: (305) 553-3031
                              Primary E-Mail: ajperezlaw@gmail.com
                              Secondary E-Mail: bvirues@lawgmp.com
                              aquezada@lawgmp.com

By: */s/ Anthony J. Perez*
       ANTHONY J. PEREZ
       Florida Bar No.: 535451